UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HELLER,

    Petitioner,

  v.

K. POWERS-MENDOZA,

    Respondent.

_____/

NO. CIV. S-05-2518 LKK EFB P

O R D E R

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On March 7, 2007, the magistrate judge filed findings and recommendations which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has filed objections to the findings and recommendations.

The matter is before the court on respondent's motion to dismiss. The court adopts the findings and recommendations with

respect to the due process claim but declines to adopt them with respect to the ex post facto claim. Respondent's latter claim is that the governor's reversal of the parole board's determination granting parole under a law passed after petitioner committed his crime violates the ex post facto clause. The court finds that the claim is inappropriate for dismissal at this stage of the proceedings.

First, the court may only dismiss a claim in the petition when it "plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4, Rules Governing Section 2254 Cases. Summary dismissal is subject to a high standard, and is appropriate when the allegations are vague, conclusory, palpably incredible, or patently frivolous. Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Here, however, it is not "plain" that the petitioner is not entitled to relief.

Second, the question of whether there has been an ex post facto violation potentially turns on issues of fact. As the Supreme Court recognized in Garner v. Jones, when a law does not facially increase punishment, "the [petitioner] must demonstrate, by evidence drawn from the rule's practical implementation by the [entity] charged with exercising discretion that its retroactive application will result in a longer period of incarceration than under the earlier rule."[1]  529 U.S. 244, 245 (2000). This is a

---

[1] The only post-Garner decision cited to by respondent is In re Rosenkrantz, 29 Cal. 4th 616 (2002). There, the California Supreme Court applied Garner to the same statute challenged here and found that "this type of change in procedure [i.e., providing

heavy burden, see id., at 255 ("[petitioner] must show that as applied to his own sentence the law created a significant risk of increasing his punishment"), but it is one that petitioner is entitled to attempt to discharge.  As the magistrate judge recognized, "[t]here must be evidence about *how* the governor exercised his discretion."  F&R at 6.

Accordingly, it is hereby ORDERED that:

1. The findings and recommendations filed March 7, 2007, are adopted in part and rejected in part;

2. Respondent's March 9, 2006, motion to dismiss is denied.

3. Respondent is directed to file and serve within 30 days a response, and to include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application. See Rule 5, Fed. R. Governing § 2254 Cases; and

4. Petitioner is granted 30 days thereafter to file a reply.

---

for gubernatorial review] is not the type of change addressed by the ex post facto clause." Id. at 651 (emphasis omitted).  It based this categorical rejection of any ex post facto challenge to the statute on the grounds that "an individual who commits a crime has no reasonable expectation that his or her suitability for parole will be determined by the particular individuals who happen to exercise authority over parole decisions at the time the individual commits the crime."  Id. at 651-52.  The court respectfully disagrees, because how an entity exercises discretion -- whether that entity is the parole board or the governor -- is critical to determining whether there has been an ex post facto violation.  This is the possibility that Garner recognized, and why it remanded rather than dismissed the ex post facto challenge.

3

1    IT IS SO ORDERED.

2    DATED: March 29, 2007.

3

4
     _____
5    LAWRENCE K. KARLTON
     SENIOR JUDGE
6    UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4